UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Equal Employment Opportunity Commission,

            Plaintiff,

v.

Hosanna-Tabor Evangelical Lutheran
Church and School,

            Defendant,

and

Cheryl Perich,

            Plaintiff/Intervenor

v.

Hosanna-Tabor Evangelical Lutheran
Church and School,

            Defendant.
_____/

Case No. 2:07-CV-14124
Hon. Patrick J. Duggan
Mag. Judge Steven D. Pepe
.

**SUPPLEMENTAL BRIEF IN SUPPORT OF
<u>PLAINTIFF/INTERVENOR'S MOTION TO QUASH SUBPOENAS</u>**

On June 27, 2008, Plaintiff/Intervenor Cheryl Perich filed her Motion to Quash Subpeonas issued by Defendant because they fail to comply with Federal Rule of Civil Procedure 45 and because they seek discovery after the close of discovery. Since that time Plaintiffs have learned from one of the recipients of the subpoenas that counsel for Defendant, without consulting with either of the Plaintiffs, mailed a letter to the subpoena recipients on June 30, 2008. (Ex. 1) Although the letter purported to include the required disclosures under Federal

1

Rule of Civil Procedure 45(c) & (d), the letter threatens the recipients by misrepresenting federal law regarding health authorizations and further threatens the recipients with contempt if they do not blindly produce documents.

Specifically, the letter erroneously demands that any recipient requiring an authorization under the Health Insurance Portability and Accountability Act ("HIPAA") (incorrectly referenced by Defendant's counsel as "HIPPA") make such a request "in writing to [counsel for Defendant's] office specifically stating that such authorization is required before you will release the requested records." The HIPAA regulations, however, contain no such requirement. *See* 45 C.F.R. § 164.508.

Moreover, the letter informs recipients that their failure to forward subpoenaed materials to Defendant's counsel is "in contempt of court of this subpoena." The threat in the letter directly contradicts the rights and duties sections of Rule 45(c) & (d) as well as the contempt provisions of Rule 45(e) which provides that "the issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Rule 45 does not in any place allow an attorney to hold a subpoena recipient in contempt of court for any reasons.

As more fully set forth in Plaintiff/Intervenor's Motion to Quash, the subpoenas served by Defendant on June 24, 2008 do not allow a reasonable time for the recipients to respond and seek discovery outside of the discovery period. Although counsel for Defendant has now purportedly supplied the subpoena recipients with the text of Rule 45(c) & (d), letter he sent on June 30, 2008 disclaims the rights in Rule 45(c).

## **CONCLUSION**

For all of the foregoing reasons and those set for in her motion to quash subpoenas, Perich asks the Court to quash the subpoenas Defendant served on June 24, 2008 and sanction counsel for Defendant for threatening and misleading witnesses.

|  |  |
|---|---|
|  | By: s/James E. Roach |
|  | James E. Roach (P51792) |
|  | jroach@vmclaw.com |
|  | Attorneys for Plaintiff/Intervenor Cheryl Perich |
|  | 31780 Telegraph Road, Suite 200 |
|  | Bingham Farms, MI  48025 |
| Dated: July 3, 2008 | (248) 540-8019 |

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Omar Weaver</u> and <u>Deano Ware</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>None.</u>

|  |  |
|---|---|
|  | By: <u>s/James E. Roach</u> |
|  | James E. Roach (P51792) |
|  | jroach@vmclaw.com |
|  | Attorneys for Plaintiff/Intervenor Cheryl Perich |
|  | 31780 Telegraph Road, Suite 200 |
|  | Bingham Farms, MI  48025 |
| Dated: July 3, 2008 | (248) 540-8019 |