UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
    Plaintiff,

Case No. 07-14124

v.

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE STEVEN D. PEPE

HOSANNA-TABOR EVANGELICAL LUTHERAN
CHURCH AND SCHOOL,
    Defendant,

and

CHERYL PERICH,
    Plaintiff/Intervenor,

v.

HOSANNA-TABOR EVANGELICAL LUTHERAN
CHURCH AND SCHOOL,
    Defendant.
_____/

## ORDER DENYING PLAINTIFF/INTERVENOR'S
## MOTION TO QUASH SUBPOENAS (DKT. #17)

On June 27, 2008, Plaintiff/Intervenor Cheryl Perish filed her motion to quash the subpoenas served by Defendant on June 24, 2008, on various medical providers of Ms. Perish and others noted below (Dkt. #17). This motion was referred for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #18). A telephonic hearing was held on July 31, 2008, in which all unresolved issues were addressed. For reasons stated on the record and indicated below Plaintiff/Intervenor Cheryl Perish's motion to quash is **DENIED**.

The Court's Scheduling Order provides that discovery shall be completed by June 30,

1

2008. Notwithstanding the required *completion* of discovery by June 30, 2008, on Tuesday June 24, 2008, counsel for Defendant mailed subpoenas to ten persons/entities: Northpoint Heart Center, Dr. Daniel Harbor, D.O., The Lutheran Church Missouri Synod, Ferndale Public Schools, Dr. A. Robert Spitzer, Broadspire, Beaumont Hospital, Garden City Hospital, Michigan Secretary of State, and Concordia College requesting medical, employment and personal records relating to Cheryl Perich (Dkt. #17, Ex. 1). In each case, the subpoenas required the recipient to respond by June 30, 2008, at 4:30 a.m.

A threshold issue raised by Defendant is whether Plaintiff/Intervenor has standing to raise objections to the subpoenas at issue, in contrast to the entity toward whom the third party subpoena is directed which entities could simply object under Fedf. R. Civ. P. 45, without the need to file a motion. Here, Defendant's ten subpoenas all seek records in which Plaintiff has an important personal interest. The subpoenas are directed to Plaintiff's medical records and employment records, and there is no evidence that she has authorized their release by signing the necessary release forms. *See e.g., Johnson v. Guards Mark Security*, 2007 WL 1023309 (N.D. Ohio 2007), ("[T]he personnel files . . . may contain sensitive, private information, such as his Social Security number, familial matters, earnings, credit history, and medical information. . . . The court finds Defendants' arguments to be well-taken. Defendants do have a personal right or privilege in the information sought by Plaintiff and thus, Defendants have standing to challenge Plaintiff's subpoenas.") (Dkt. #28, Ex. 1). *Cf. Transcor, Inc. v Furney Charters, Inc*., 212 FRD 588, 591 (D. Kan. 2003) (finding that the defendant has a personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas). Accordingly, it is proper for the Court to consider Plaintiff/Intervenor's objections

2

to the subpoenas on relevancy grounds or grounds involving her personal privacy, but objections to the form or the subpoenas, the limited time for response, etc. are objections to be raised by the entities subpoenaed and not by . Any objections as to the timing of the subpoenas and the deadlines set for compliance must be brought by the third party entities and not Plainitff/Intervenor.

As to relevancy and issues of privacy, Plaintiff/Intervenor argues that this case in a retaliation action under Title I of the Americans with Disabilities Acts of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and, at least not directly, on the basis of a disability. Plaintiff/Intervenor thus contends that her medical records are not relevant, as knowledge of her medical state would not be needed to prove or disprove a claim of retaliation. Yet, medical evidence may be relevant as it relates to mitigation or limitation of damages. Clearly, damages would be effected by whether Plaintiff/Intervenor has any medical impediments to her future employment, and whether Plaintiff/Intervenor was able to continue to adequately do her job at Hosanna-Tabor Evangelical Lutheran Church and School despite her illness. Therefore, the records sought in the subpoenas at issue contain relevant evidence "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). By EEOC bring this case and her intervening, her medical condition is impliedly in issue of Defendant contends that she cannot perform work due to her medical condition – and thus any lost earnings "damages" for a wrongful termination are limited.

Accordingly, Plaintiff/Intervenor Cheryl Perish's motion to quash is **DENIED**. As noted at the hearing, it is unclear whether Defendant will be able to secure all of the information sought in its subpoenas without first receiving releases from Ms. Perish. This Order, however, is not a

3

ruling on the enforceability of the subpoenas against any of the individual subpoenaed entiteis, but rather only addresses the limited issue on which Plaintiff/ Intervener has standing to bring a motion to quash. Because Defendant has sought relevant information within the discovery period, it is proper to allow these subpoenas to stand.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: July 31 2008　　　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, MI　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 31, 2008.

　　　　　　　　　　　　　　　　　　　　　　　s/ Alissa Greer
　　　　　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate
　　　　　　　　　　　　　　　　　　　　　　　Judge Steven D. Pepe
　　　　　　　　　　　　　　　　　　　　　　　(734) 741-2298