UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,

v.                                                     Case No. 07-14124

HOSANNA-TABOR EVANGELICAL         Honorable Patrick J. Duggan
LUTHERAN CHURCH AND SCHOOL,
    Defendant,

and

CHERYL PERICH,
    Plaintiff/Intervenor,

v.

HOSANNA-TABOR EVANGELICAL
LUTHERAN CHURCH AND SCHOOL,
    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 3, 2008.

    PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On September 28, 2007, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this lawsuit against Defendant Hosanna-Tabor Evangelical Lutheran Church and School ("Hosanna-Tabor") alleging a retaliation claim in violation of the Americans with Disabilities Act ("ADA"). The suit arises from Hosanna-Tabor's

termination of Cheryl Perich ("Perich") from a teaching position on April 11, 2005. On April 10, 2008, the Court granted Perich's motion to intervene as a plaintiff. Perich asserted a claim of retaliation under the ADA and Michigan's Persons with Disabilities Civil Rights Act ("PDCRA").

In July 2008, each of the parties submitted motions for summary judgment. The motions were fully briefed and this Court held a motion hearing on September 25, 2008. On October 23, 2008, the Court issued an Opinion and Order ("Opinion") granting Hosanna-Tabor's motions for summary judgment and dismissed the EEOC's and Perich's complaints. Presently before the Court is Perich's Amended Motion for Reconsideration and Hosanna-Tabor's Motion for Attorney Fees, Litigation Expenses and Costs. Each motion will be addressed in turn.

**I. Perich's Motion for Reconsideration**

Eastern District of Michigan Local Rule 7.1(g)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect. "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In support of her motion for reconsideration, Perich alleges that the Court made two factual mistakes and misapplied the relevant law. In the October 23, 2008, Opinion, the

Court concluded that Perich was a ministerial employee of Hosanna-Tabor and, as such, that the Court lacked jurisdiction over the case pursuant to the ministerial exception. Perich asserts that, in arriving at this conclusion, the Court relied on evidence not in the record regarding Hosanna-Tabor's mission and whether Perich was paid with tithes from members of Hosanna-Tabor's church congregation. Furthermore, Perich argues that the Court misapplied, or completely disregarded, the primary duties test that determines whether employees who are not "ministers" are nonetheless "ministerial."

**A. Alleged Factual Errors**

Perich's motion mischaracterizes and exaggerates the facts that the Court "relied upon" in its determination that Perich was a ministerial employee. Perich complains that the Court inappropriately accepted statements on Hosanna-Tabor's "purported website" as a statement of the school's mission and then used those statements to "underpin" its conclusion that Perich was a ministerial employee. Perich misunderstands the Court's reference to the statements on the website. Although the Court quoted language from the website in its statement of facts, the language was never identified as Hosanna-Tabor's "mission"[1] and was presented merely to highlight the existence of a factual dispute between the parties. In fact, the website language–which suggests that Hosanna-Tabor is primarily dedicated to sectarian activities–was sandwiched between Perich's contrasting

---

[1] Although defense counsel referred to the quoted language in his brief as Hosanna-Tabor's mission statement, (Hosanna-Tabor's Mot. for Summ. J. at 12), the Court was skeptical that the language on the website represented the school's official "mission statement." *See* http://www.hosannatabor.org/school.htm. For this reason, the Court intentionally refrained from identifying anything on the website as a "mission statement."

experience and perception regarding the day-to-day operation of the school.²

That the Court ultimately granted Hosanna-Tabor's motion for summary judgment does not mean that the Court accepted the statements on the website as accurate and true. Indeed, the Court assumed for purposes of the motion that Perich's description of her daily activities was accurate. And while the Court did refer to Hosanna-Tabor's "secterian mission" in rendering its decision, Perich mistakenly assumes that this was a reference to the website. In fact, the Court discerned that Hosanna-Tabor has a secterian mission based on the school's undisputed status as a religious institution. *See Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225-26 (6th Cir. 2007) ("[A] religiously affiliated entity is considered a 'religious institution' for purposes of the ministerial exception whenever that entity's mission is marked by clear or obvious religious characteristics." (internal quotation omitted)). Perich has failed in the present motion to establish that the Court's assumption that a religious institution has a secterian mission amounts to palpable error.

Perich also takes issue with the Court's reference to defense counsel's argument that

---

²The Opinion reads:
> In all, however, activities devoted to religion consumed only about forty-five minutes of the seven-hour school day.
> Nonetheless, Hosanna-Tabor's website indicates that it provides a "Christ-centered education" that helps parents by "reinforcing biblical principals [sic] and standards." Hosanna-Tabor also characterizes its staff members as "fine Christian role models who integrate their faith into all subjects." Perich notes, however, that secular school subjects were taught with textbooks commonly used in public education and that she can only recall twice in her career when she introduced the topic of religion during otherwise secular discussion.

(Opinion at 4.)

Hosanna-Tabor paid Perich with money received from its tithing church members. At the September 25, 2008, motion hearing, defense counsel assured the Court that such evidence was contained in the record. The Court, however, could find no such evidence and included a statement to that effect in the Opinion to ensure that all parties were aware that the argument had gone unsupported. Removing the footnote in the Opinion that deals with this issue would not change the outcome of the case. Therefore, Perich is not entitled to relief on this ground.

**B. The Primary Duties Test**

In the second portion of her motion for reconsideration, Perich attempts to relitigate her interpretation of the primary duties test. Although Perich argues that the Court's Opinion disregarded the primary duties test adopted by the Sixth Circuit in *Hollins v. Methodist Healthcare, Inc.*, the Opinion expressly rejected defense counsel's argument that the primary duties test is irrelevant to this case. (Opinion at 11 n.2.) Perich's real disagreement with the Opinion is that it did not adopt the method she advocated for determining primary duties–adding up minutes an employee spends on secular activities and comparing that to the number of minutes spent on religious activities. Rather, the Court adopted a broader view of the primary duties test that considered the entire employment relationship, not just a time-log. Perich's arguments in her motion for reconsideration are merely a continuation of the arguments she made prior to the Opinion and are therefore insufficient to warrant relief on the present motion.[3]

---

[3]Perich's motion also states that the Court "misread" *Clapper v. Chesapeake Conference of Seventh-Day Adventitsts*, No. 97-2648, 166 F.3d 1208 (table), 1998 WL 904528 (4th Cir. Dec.

In sum, Perich has failed to identify a palpable defect that affected the disposition of this case. Therefore, Perich's motion for reconsideration must be denied.

**II. Hosanna-Tabor's Motion for Attorney Fees, Litigation Expenses, and Costs**

Also before the Court is Hosanna-Tabor's motion for attorney fees, litigation expenses, and costs based on 42 U.S.C. § 12205. That section of the ADA provides, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." In exercising its discretion, however, the Court must consider the Supreme Court's holding that an award of attorney's fees to a prevailing defendant is only appropriate "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978).[4]

As noted in the Court's Opinion, this case presented an issue about which other courts have divided and the Sixth Circuit has yet to address. (Opinion at 12.) Although Hosanna-Tabor prevailed on its motions for summary judgment, plaintiffs' arguments were not unreasonable, frivolous, or without foundation. Furthermore, the Court did not detect any indication that either of the plaintiffs proceeded in bad faith. Therefore, Defendant is not entitled to attorney's fees.

Accordingly,

---

29, 1998). The Court has reviewed *Clapper* and disagrees.

[4]Although *Christiansburg* considered the language of the attorney's fee provision in Title VII, 42 U.S.C. § 2000e-5(k), the language is almost identical to that found in the ADA. As a result, other courts have extended *Christiansburg*'s holding to claims for attorney's fees under the ADA. *See Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998).

**IT IS ORDERED** that Perich's Amended Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that Hosanna-Tabor's Motion for Attorney Fees, Litigation Expenses and Costs is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Omar Weaver, Esq.
James E. Roach, Esq.

Deano C. Ware, Esq.